```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
SHENZHEN SHENTENGDA TECHNOLOGY CO.,                                    :
LTD,                                                                   :
                                                                       :
                              Plaintiff,                               :   23 Civ. 1207 (JPC)
                                                                       :
               -v-                                                     :   ORDER
                                                                       :
NATALIIA VEREINA,                                                      :
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

The Court is in receipt of Plaintiff Shenzhen Shentengda Technology Co., Ltd.'s Complaint, Dkt. 1, Motion for Temporary Restraining Order and Preliminary Injunction, Dkt. 11, and accompanying papers. The Complaint contains a conclusory allegation that "[v]enue is proper in this Court pursuant to 28 U.S.C. § 1391." Dkt. 1 ¶ 7. However, given the remaining allegations in the Complaint, it appears to the Court that the requirements of 28 U.S.C. §1391 may not be met. Because Defendant resides in Texas, *id.* ¶ 9, the Southern District of New York is not a "judicial district in which any defendant resides," as required by 28 U.S.C. §1391(b)(1). Furthermore, while the Complaint does allege that "Defendant directly targets business activities toward consumers in the United States, including New York," which might be relevant to whether the Court may exercise personal jurisdiction over her, it does not allege that any of the "events or omissions giving rise to the claim occurred" in this District—such as Plaintiff's alleged copying of Defendant's tarot cards, Defendant's alleged filing of a complaint with Amazon, or Amazon's alleged processing of the complaint or planned destruction of Plaintiff's products—or that a "substantial part of property that is the subject of the action is situated" in this District, as required by 28 U.S.C. §1391(b)(2). Lastly, because venue would be proper under 28 U.S.C. §1391(b)(1) in the Southern District of

Texas, where Defendant resides, it is not the case that "there is no district in which an action may otherwise be brought as provided in this section," as required by 28 U.S.C. §1391(b)(3). Plaintiff is therefore ordered to file a letter by February 23, 2023, setting forth why venue for this case is proper in this District.

In addition, Plaintiff's Certificate of Service, Dkt. 13, asserts that Plaintiff's Motion for TRO and Preliminary Injunction was served on February 20, 2023 "by FedEx mail(tracking number:894837417567)." However, the FedEx website found no record of that tracking number pursuant to a search conducted by the Court on February 21, 2023. Therefore, the letter filed by February 23, 2023 shall further state the correct tracking number for the mailing of Plaintiff's moving papers to Defendant.

SO ORDERED.

Dated: February 21, 2023
New York, New York

JOHN P. CRONAN
United States District Judge